UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TOBY O. HERNANDEZ                                                                    PLAINTIFF
ADC #162497

v.                                  No. 5:19CV00136-KGB-JTR

DOE, Cummins Unit, ADC, *et al.*                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Toby O. Hernandez ("Hernandez") is a prisoner at the Cummins Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and two Amended Complaints alleging that Defendants violated his

constitutional rights. *Docs. 1, 4 & 10*.[1] Before Hernandez may proceed with this case, the Court must screen his allegations.[2]

## II. Discussion

Hernandez has filed three pleadings against four named Defendants.[3] According to Hernandez, he is being deprived of his "rights and privacy" on a "24/7 basis" by unidentified individuals (presumably the four named Defendants) who are "[in]vading [his] privacy and exposing [his] mind on a speaker and/or radio," resulting in psychological harm and placing him "in a hazardous shock and paranoia." As relief, he seeks "just compensation" and an injunction "turning off these sound waves, radio waves and media frequencies that [are] violating [his] body and privacy, taking over [his] mind and body," in violation of his rights under the

---

[1]The Court has construed Hernandez's *pro se* Complaint and Amended Complaints, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

[3]Hernandez's initial Complaint named only "Doe." *Doc. 1*. After the Court advised him it was his responsibility to identify all Defendants, he filed an Amended Complaint naming Warden William Straughn and ADC Director Wendy Kelley. *See Docs. 2, 4 & 5*. His Second Amended Complaint named Lieutenant Cantrell Bass and Sergeant Dwayne James. *Doc. 10*.

Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments. *Doc. 1; Doc. 4 at 4-5; Doc. 10 at 4-5.*[4]

Hernandez's only discernible allegations against any specific individuals are that: (1) Lieutenant Cantrell Bass ("Bass") refused to provide him another copy of a disciplinary charge after Hernandez threw away his copy "because of mixed emotions"; and (2) Sergeant Dwayne James ("James") refused to "file and sign" Hernandez's grievance about "speaker, radio/sound waves interfering with the media frequencies." *Doc. 10 at 4.*

An action is frivolous if its allegations are "fanciful … fantastic or delusional," its "factual contentions are clearly baseless," or it is "based on an indisputably meritless legal theory." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Nietzke v. Williams,* 490 U.S. 319, 327-29 (1989). A "finding of frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33.

Furthermore, to survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for

---

[4]Hernandez admits that he is "mildly mentally ill and incompetent." *Doc. 1 at 1.*

relief. *Id.* Instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Hernandez's Complaint and Amended Complaints lack any plausible factual allegations that would give rise to a constitutional claim against any Defendant. His vague allegations that unspecified individuals are using radio waves or sound waves to control his mind and body are "irrational or wholly incredible." *See Sikora v. Houston,* 162 F.3d 1165, at *1 (8th Cir. 1998) (upholding dismissal, as "delusional" and "frivolous," of prisoner's § 1983 action complaining that prison officials were using "electro static magnetic pressure field devices" to destroy his "mind, confidence, and spirit"); *Cincoski v. Burl,* No. 2:11cv00241-BSM, 2013 WL 2297218 (E.D. Ark. May 24, 2013) (dismissing as "simply implausible" prisoner's claim that noise, "psychological tortures" and "profoundly voiced electrical currents" through his cell vent and the hallway injured him psychologically, emotionally and physically); *see also Horsey v. Asher,* 741 F.2d 209, 213 (8th Cir. 1984) ("Complaints that are obviously fanciful … may and should be swiftly dismissed.").

In addition, Hernandez's allegations that Bass and James refused to provide or process certain disciplinary and grievance documents do not rise to the level of a

4

constitutional violation. *See Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974) (setting forth minimum procedural due process requirements for prison disciplinary proceedings); *Walker v. Bertsch,* 745 Fed. Appx. 664, 664 (8th Cir. 2018) (holding that prisoner had no viable due process claim regarding the prison's grievance system, as the grievance system does not give rise to a liberty interest requiring due process protection); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that inmates have no "liberty interest" in the processing of their grievances, such as would support § 1983 claim for prison official's failure to pick up his completed grievance forms).

Accordingly, the Court recommends that this § 1983 action be dismissed, without prejudice, as frivolous and failing to state a claim upon which relief may be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Hernandez's Complaint and two Amended Complaint (*Docs. 1, 4 & 10*) be DISMISSED, WITHOUT PREJUDICE.

2. The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 20th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE